UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tracy Michael McCants, #180614, <br> a/k/a Tracy M. McCants <br>                        Petitioner, <br><br> vs. <br><br> Edsel Taylor, Warden of MacDougall Correctional Institution, <br>                        Respondent. | C/A No. 8:08-208-RBH-BHH <br><br><br> Report and Recommendation |

      The petitioner, Tracy Michael McCants, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is an inmate at MacDougall Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.

<u>AEDPA and *Pro Se* Standard of Review</u>

      Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*,

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  See *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).  Even under this less stringent standard, however, the petition submitted in the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  See *Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the above-captioned case should be dismissed because the petitioner has not exhausted his state remedies.  With respect to his convictions and sentence, the petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies.  See 28 U.S.C. § 2254(b); *Woodford v.* Ngo, 548 U.S. 81 (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'"); *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 490-491 (1973) (noting that exhaustion of available state remedies is required under 28 U.S.C. § 2241).  In his petition, the petitioner stated that he was convicted and sentenced to five years with one year concurrent for possession with intent to distribute crack cocaine 2nd and resisting arrest on September 21, 2006, in the Georgetown County Court of

General Sessions.  (Pet. at p.2) A review of the entire petition demonstrates that the petitioner did not file a direct criminal appeal, nor has he filed a post-conviction relief action in a South Carolina Court of Common Pleas.  (Pet. at p.13)  As a result, the grounds for relief (ineffective assistance of counsel and lack of subject matter jurisdiction) have not been considered and addressed by the appellate courts of the State of South Carolina.

To exhaust state court remedies in South Carolina, a direct appeal may be pursued. *See State v. Northcutt*, 641 S.E.2d 873 (2007).  If a direct appeal was filed and is ultimately unsuccessful (or if no direct appeal was filed), a petitioner can file an application for post-conviction relief.  *See* S.C. Code Ann § 17-27-10, et seq. (1976).  *See also Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977) (noting that South Carolina's Uniform Post-Conviction Procedure Act is a viable state court remedy).  If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file a request for writ of certiorari with the South Carolina appellate courts. *Id.*; *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985).  In fact, if a petitioner's application for post-conviction relief is denied by a Court of Common Pleas, the petitioner must seek appellate review in the South Carolina courts or federal collateral review of the grounds raised in his application for post-conviction relief may be barred by a procedural default.  *See Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one complete round of the State's established appellate review process by presenting the ground for relief in a face-up and square fashion).

Since the petitioner has not yet filed a direct appeal or an application for post-conviction relief in the South Carolina courts[2], the United States District Court for the District of South Carolina should not keep this case on its docket while the petitioner is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

### Recommendation

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and *without requiring the respondent to file a return* because the petitioner has not exhausted his state court remedies. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214.

*The petitioner's attention is directed to the important notice on the next page.*

s/Bruce Howe Hendricks
United States Magistrate Judge

February 4, 2008
Greenville, South Carolina

---

[2] South Carolina has time deadlines for filing a direct criminal appeal and for filing a post-conviction relief action, which may have expired in the petitioner's case. However, the petitioner may be able to convince the South Carolina courts that exceptions to the deadlines apply and to determine the case on the merits. *See e.g.*, S.C. Code Ann. § 17-27-45.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).